[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Lisa Varga and Charles L. Varga borrowed $700,000 from a bank. They secured the loan with two pieces of property, one a residence in Bexley and the other undeveloped land in the Westerville area. The couple later obtained a second loan from James Purdy and used the same pieces of property as collateral.
 {¶ 2} When the Vargas stopped paying the bank, The Guernsey Bank, FSB, was the bank which owned the commercial paper. The Guernsey Bank, FSB, filed a foreclosure action and eventually obtained a summary judgment. As a result, the statutory procedure for selling the two pieces of property at a sheriff's sale was followed. Appraisers appointed by the sheriff placed a value on each piece of property.
 {¶ 3} The Bexley property was appraised at $471,000, and sold at the sheriff's sale for $408,000. The Bexley property is not part of the present appeal.
 {¶ 4} Evaluating the Westerville property proved more problematic. The three appraisers initially appointed by the sheriff placed a value of $594,000 on the real estate. James Purdy filed a motion asking that the appraisal be set aside, in part because a prior appraisal done by a private entity had placed the value at $1,169,000.
 {¶ 5} The trial court sustained the motion and the sheriff duly appointed three different appraisers to evaluate the property. The second group of three appraisers agreed upon a value of $858,000. However, when the sheriff's sale was conducted, the only bidder at the auction bid the statutory minimum of two-thirds of the second appraised value. The bid was $572,000.
 {¶ 6} James Purdy then filed a block of motions requesting that the second appraisal by the appraisers appointed by the sheriff be set aside and a new sale of the Westerville property be ordered.
 {¶ 7} The trial court overruled Mr. Purdy's new set of motions and confirmed the sale in an eight-page decision and entry. Mr. Purdy has now appealed, assigning two errors for consideration:
 {¶ 8} "1. The Trial Court erred by failing to order a second re-appraisement and new judicial sale of the subject property known as 4871 Warner Road, Westerville, Ohio 43081.
 {¶ 9} "2. The Trial Court erred by confirming the judicial sale of the subject property known as 4871 Warner Road, Westerville, Ohio 43081."
 {¶ 10} The two assignments of error are closely related and therefore will be addressed together.
 {¶ 11} The parties acknowledge that the appellate court is bound by an abuse of discretion standard. We can overturn the trial court's actions only if we find that the trial court abused its discretion. See The Lake Shore Saw Mill Lumber Co. v. The Cleveland Realization Co. (1919), 11 Ohio App. 387.
 {¶ 12} The sole problem alleged by James Purdy is that the Westerville property sold at the sheriff's sale for less money than he thought the property was worth. Mr. Purdy may have a valid basis for his belief that the Westerville property's value is closer to $1.1 million dollars than to the $572,000 actually bid. However, fair market value is determined based upon what a willing buyer is willing to pay. No buyer was willing to pay more than $572,000, apparently including Mr. Purdy himself. Mr. Purdy had the right to bid at the auction either to move the price up or to benefit himself from the bargain which ultimately went to The Guernsey Bank, FSB, as the sole bidder.
 {¶ 13} On the other hand, Mr. Purdy may simply be wrong in his evaluation of the Westerville property. Two sets of disinterested appraisers arrived at a value much closer to the price for which the property sold than the value he espouses. All the requirements of the statutes were met and the public had an opportunity to buy the Westerville property. The price of the sale was only $572,000.
 {¶ 14} The trial court carefully analyzed the appropriate statutes and the information about fair market value presented. The trial court reasonably determined that the sale was properly conducted and, that, a third appraisal might do nothing more than generate a sheriff's sale at which no one bid.
 {¶ 15} The two assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.